# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                        )
DONGKUK S&C CO. LTD.,                    )
                                         )
                    Plaintiff,           )
          v.                             )        Court No. 23-00075
                                         )
UNITED STATES,                           )
                                         )
                    Defendant.           )
_____ )

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade,

Plaintiff, Dongkuk S&C Co., Ltd. (hereinafter, "Plaintiff" or "DKSC"), by and through its

counsel, alleges and states as follows:

## JURISDICTION

1.    Plaintiff brings this action pursuant to, and in accordance with, sections

516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19

U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results

issued by the U.S. Department of Commerce ("Commerce") in _Utility Scale Wind Towers from

the Republic of Korea: Final Results of Antidumping Administrative Review; 2020-2021_, 88 Fed.

Reg. 13,428 (Dep't Commerce, Mar. 3, 2023) ("_Final Results_"), as it applies to Plaintiff.  This

Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2.    Plaintiff is a foreign producer and exporter of subject merchandise, utility scale

wind towers, and was the sole mandatory respondent in the administrative review that is

contested here.  Therefore, Plaintiff is an interested party within the meaning of 19 U.S.C. §

Court No. 23-00075                                                          **Complaint**

1677(9)(A).  Plaintiff actively participated in the administrative review through the submission

of factual information and written arguments and, thus, is a "party to the proceeding" as defined

in 19 C.F.R. § 351.102(b)(36).  Accordingly, Plaintiff has standing to commence this action

pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.    The subject *Final Results*, which are being challenged herein, were published in

the *Federal Register* on March 3, 2023.  *Final Results*, 88 Fed. Reg. 13,428 (Dep't Commerce,

Mar. 3, 2023).  On April 3, 2023, within 30 days after the publication of the subject *Final Results*,

Plaintiff timely filed a Summons to initiate this action.  Accordingly, this action was commenced

within the period specified in 19 U.S.C. §§ 1516a(a)(2)(B)(iii).  This Complaint is being filed

within 30 days after the date on which the Summons was filed.  Therefore, according to the

provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules

of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.     This Court reviews actions concerning determinations issued by Commerce

brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. §

1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.    On August 26, 2020, Commerce published an antidumping duty order covering

utility scale wind towers from the Republic of Korea.  *See Utility Scale Wind Towers from*

*Canada, Indonesia, the Republic of Korea, and the Socialist Republic of Vietnam: Antidumping*

*Duty Orders*, 85 Fed. Reg. 52,546 (Dep't Commerce Aug. 26, 2020); *see also Utility Scale Wind Towers from Canada, Indonesia, the Republic of Korea, and the Socialist Republic of Vietnam: Notice of Correction to the Antidumping Duty Orders*, 85 Fed. Reg. 56,213 (Dep't Commerce Sept. 11, 2020).

6.      On October 7, 2021, Commerce initiated the first administrative antidumping review of the utility scale wind towers from Korea covering the period of review ("POR"), i.e., February 14, 2020, through July 31, 2021.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 55,811 (Dep't Commerce Oct. 7, 2021).

7.      On October 18, 2021, Commerce issued an initial questionnaire to DKSC for the first administrative review.

8.      Between November 2021 and August 2022, DKSC submitted timely responses to Commerce's initial antidumping duty questionnaire and several supplemental questionnaires.

9.      On August 29, 2022, Commerce issued the preliminary results of the first administrative review in which it calculated a preliminary antidumping duty margin of 2.58 percent *ad valorem* for DKSC.  *See Utility Scale Wind Towers from the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review and Partial Recission of Review; 2020-2021*, 87 Fed. Reg. 54,195 (Dep't Commerce Sept. 2, 2022), and accompanying unpublished Memorandum to Lisa W. Wang, Assistant Secretary for Enforcement and Compliance, entitled "Decision Memorandum for the Preliminary Results of the 2020-2021 Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea" (Dep't Commerce Aug. 29, 2022).

10.      In October 2022, DKSC and the Wind Tower Trade Coalition ("petitioner") submitted case and rebuttal briefs.  In its case brief, DKSC argued that Commerce should reverse

Court No. 23-00075                                                                  Complaint

its preliminary decision to calculate a single weighted-average steel plate cost for all home

market and U.S. market sales during the POR because, *inter alia*, DKSC directly assigns steel

plate costs to each individual project, DKSC traces the steel plate purchases to finished projects

through its inventory records, and steel plate costs are directly related to differences in the

physical characteristics of the products.

      11.    On November 17, 2022, Commerce conducted a public hearing via

videoconference, with legal representatives of DKSC and the petitioner in attendance.

      12.    On February 7, 2023, Commerce issued its *Final Results* in which it calculated a

final weighted-average antidumping duty margin of 2.49 percent *ad valorem* for DKSC. *See*

*Final Results*, 88 Fed. Reg. at 13,429 (Dep't Commerce Mar. 3, 2023). As part of its final

antidumping duty calculations, Commerce continued to adjust DKSC's steel plate costs through

its cost "smoothing" methodology.

      13.    The legal bases for Commerce's *Final Results* were set forth in an unpublished

Memorandum to Abdelali Elouaradia, Deputy Assistant Secretary for Enforcement and

Compliance, entitled "Issues and Decision Memorandum for the Final Results of the 2020-2021

Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the

Republic of Korea" (Dep't Commerce Feb. 27, 2023).

**ISSUES PRESENTED BY THE ACTION AND**
**PLAINTIFF'S STATEMENT OF CLAIMS**

      14.    In the following respects, and for other reasons apparent from the record of the

administrative proceeding, Commerce's *Final Results* of its first antidumping duty

administrative review were unsupported by substantial record evidence and/or were otherwise

not in accordance with law.

Court No. 23-00075                                                              Complaint

## COUNT ONE

15.    Paragraphs 1 through 14 are incorporated herein by reference.

16.    Commerce's determination to calculate a single weighted-average steel plate cost for all home market and U.S. market sales during the POR, despite substantial record evidence demonstrating that DKSC directly assigned steel plate costs to each individual project and thus could trace the steel plate purchases to specific sales through its inventory records because of the project-based nature of utility scale wind towers, was unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law.  By disregarding the actual steel plate costs associated with each individual project (i.e., by performing cost "smoothing"), Commerce's determination to adjust DKSC's steel plate costs introduced distortions and inaccuracies into the weighted-average antidumping duty calculations.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

17.    For the reasons stated above, Plaintiff respectfully requests that the Court:

(a)    enter judgment in Plaintiff's favor;

(b)    declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c)    remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Robert G. Gosselink
Jarrod M. Goldfeder
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
Email:  jgoldfeder@tradepacificlaw.com

Dated:  May 3, 2023          *Counsel to Plaintiff*